# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MIKE MALONE,

        Plaintiff,

v.

CHEROKEE COUNTY, et al.,

        Defendants.

1:17-cv-1666-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Cherokee County's ("Cherokee County") Motion to Dismiss [17], Defendants Jerry Cooper ("Cooper"), Tim Prather ("Prather"), and Lori Thompson's ("Thompson") Motion to Dismiss [18], and Defendant Ashley Watson's ("Watson") Motion to Dismiss [21]. Also before the Court is Cherokee County, Cooper, Prather, and Thompson's Motion to Stay Discovery and Rule 16 and 26 Proceedings [19], Watson's Motion to Stay Pre-Discovery Deadlines [27], and Plaintiff Mike Malone's ("Plaintiff") Motion for Extension of Time [23].[1]

---

[1] The Court uses "Defendants" throughout the Order to refer collectively to Cherokee County, Jerry Cooper, Tim Prather, Lori Thompson, and Ashley Watson. "Individual Defendants" refers only to Jerry Cooper, Tim Prather, Lori Thompson, and Ashley Watson.

## I. BACKGROUND

### A. Facts[2]

Plaintiff, a certified firefighter, served with the Cherokee Fire Department for approximately twenty-six years. ([1] ¶ 12). Defendant Watson was also employed as a firefighter with the Cherokee Fire Department. (Id. ¶ 14). Plaintiff alleges that during Watson's time with the fire department, she was consistently absent from duty for alleged injuries or illnesses, and she was disciplined for excessive absences and abuse of sick leave. (Id. ¶¶ 15-16). At some point, Watson was ultimately terminated at the direction of Defendants Thompson, Prather, and Cooper.[3] (Id. ¶ 17). Plaintiff contends that, "[i]n an effort to regain her job, Defendant Watson conspired with Defendants Thompson, Prather, and Cooper, and an unidentified political group" and "[a]s part of the conspiracy, Defendant Watson made false and malicious claims against Plaintiff." (Id. ¶¶ 18-19). Plaintiff further alleges that one of Watson's false claims was that Plaintiff engaged in sexual harassment of Watson, and that this claim was false and known to be false by Defendants. (Id. ¶¶ 20-21).

---

[2] The Complaint provides no dates or other details establishing a timeline of events.

[3] It is unclear from Plaintiff's Complaint whether Defendants Thompson, Prather, and Cooper were or still are employed with the Cherokee Fire Department, or what their roles were if they were in fact employed with the Department.

Plaintiff alleges that an internal investigation was initiated as a result of the apparent false claims by Watson. (Id. ¶ 25). Plaintiff contends, however, that the "internal investigation was a farce" and the "internal affairs investigator was a friend of Watson" for approximately fifteen years. (Id. ¶¶ 26-27). Plaintiff states that "[t]here was no real investigation and the results was [sic] predestined." (Id. ¶ 28). Plaintiff complains that following the investigation, Watson was rehired, given a settlement, and allowed to retire, while Plaintiff was terminated based upon Watson's allegations. (Id. ¶¶ 29-30). Plaintiff states that he was terminated based on what "Defendants knew were the false accusations of Watson." (Id. ¶ 30). Plaintiff alleges that he appealed his termination, but that he "was never given a fair and impartial appeal." (Id. ¶¶ 32-34). Plaintiff states that, even if he were guilty of some of the claims by Watson, the Cherokee County personnel policies demanded a far less serious disciplinary action than termination. (Id. ¶¶ 35-36).

B. Procedural History

On May 9, 2017, Plaintiff filed his Complaint stating that "[t]his action is brought by Plaintiff for violations of his constitutional rights to Due Process and Equal Protection guaranteed under the IV th [sic] Amendment to the US Constitution." ([1] ¶ 1). Although unclear, Plaintiff's Complaint appears to assert

two causes of action under 42 U.S.C. § 1983, including that (1) Defendants conspired to deprive Plaintiff of his constitutional rights to equal protection and due process and (2) Defendants knowingly prosecuted false charges against Plaintiff to justify the rehiring and benefits given to Watson and intentionally violated Cherokee County's policies concerning discipline and appeals.  ([1] at ¶¶ 41-52).  Plaintiff also alleges a state law claim that Defendant Watson knowingly made false statements about Plaintiff and are defamation per se.  (Id. ¶¶ 53-57).  Plaintiff seeks $2 million in compensatory damages, $2 million in punitive damages against the individual Defendants, and reasonable attorney fees and expenses.  (Id. at 8-9).

On July 10, 2017, each of the Defendants filed their respective Motions to Dismiss arguing essentially the same grounds for dismissal.  Defendants collectively argue that (1) Plaintiff's Complaint is subject to dismissal as an impermissible shotgun pleading; (2) Plaintiff fails to state any claim for an equal protection violation; (3) Plaintiff fails to state a claim for any purported violation of due process; and (4) Plaintiff fails to state a claim for conspiracy under § 1983.  (See generally [17.2], [18.1], [21]).  Cherokee County argues that the Complaint fails to state a § 1983 claim for municipal liability, and the individual Defendants contend they are entitled to qualified immunity and any duplicative official

4

capacity claims should be dismissed. ([17.2] at 21-25; [18.1] at 18-25; [21] at 17-21). Defendant Thompson argues she was not the final decision maker with regard to Plaintiff's termination. ([18.1] at 17-19). Defendant Watson separately argues that the Court should decline to exercise jurisdiction over Plaintiff's defamation claim brought under state law. ([21] at 22-25).

On July 10, 2017, Defendants Cherokee County, Cooper, Prather, and Thompson filed a Motion to Stay Discovery and Rule 16 and 26 Proceedings. On July 24, 2017, Plaintiff filed his Motion for Extension of Time to respond to each of the three Motions to Dismiss.[4] On August 8, 2017, Defendant Watson filed her

---

[4] Plaintiff's Responses to each of the Motions to Dismiss [28] [29] [30] (collectively, the "Responses") were not timely filed, having been submitted on August 9, 2017, almost one month after Defendants filed their Motions to Dismiss. See LR 7.1(B), NDGa. (requiring that "[a]ny party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion"). Plaintiff's Motion for Extension of Time, filed July 24, 2017, the day the responses were due, sought an extension until August 11, 2017, because Plaintiff's counsel "is a solo practitioner and that due to an unusually high number of motions and court appearances within the past two weeks," he required additional time to brief the responses. ([23] at 2-4). On August 7, 2017, Defendants collectively filed a response opposing the Motion for Extension of Time. ([25]).

"The Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules." See LR 7.1F, NDGa. The Court finds that Plaintiff has failed to provide good cause to explain the delay in filing the responses. The fact that Plaintiff's counsel is a solo practitioner with a busy practice is no excuse for failing to comply with this Court's Local Rules. The Court denies Plaintiff's Motion for Extension of Time, and the three Motions to

Motion to Stay Pre-Discovery Deadlines. Watson's Motion to Stay adopts by reference and joins in the other Defendants' earlier filed Motion to Stay Discovery and Rule 16 and 26 Proceedings.[5]

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

---

Dismiss are deemed unopposed. The Court also notes, however, that the Court would reach the same outcome even considering Plaintiff's Responses.
[5] Considering the Court's reasoning below, and its ultimate ruling in this Order, the Court finds Defendants' Motions to Stay moot.

(construing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. <u>Twombly</u>, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." <u>Am. Dental</u>, 605 F.3d at 1290 (quoting <u>Iqbal</u>, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." <u>Id.</u> at 1289 (quoting <u>Twombly</u>, 550 U.S. at 570).

B.  <u>Analysis</u>

Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983 that (1) Defendants conspired to deprive Plaintiff of his constitutional rights to equal protection and due process and (2) Defendants knowingly prosecuted false charges against Plaintiff to justify the rehiring and benefits given to Watson and intentionally violated Cherokee County's policies concerning discipline and

7

appeals. ([1] at ¶¶ 41-52). Plaintiff also alleges a state law claim that Defendant Watson knowingly made false statements about Plaintiff and are defamation per se. (Id. ¶¶ 53-57).

1. Impermissible Shotgun Pleading

At the outset, the Court finds that Plaintiff's Complaint constitutes a shotgun pleading. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings often include conclusory or vague allegations, fail to specify which defendant is responsible for each act alleged, or contain counts that present more than one discrete claim for relief. See Silverthorne v. Yeaman, 668 F. App'x 354, 355 (11th Cir. 2016); Beckwith, 146 F. App'x at 372.[6] As a

---

[6] With a shotgun pleading, it is often difficult to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at

8

result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice." Guthrie v. Wells Fargo Home Mortg. NA, No. 1:13-cv-4226-RWS, 2014 WL 3749305, at *7 (N.D. Ga. July 28, 2014).

The Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective. Id. (citing B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009)). To allow these pleadings would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373. The Eleventh Circuit does not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, 305 F.3d at 1296 n.9.

---

372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

Plaintiff's Complaint contains three counts and incorporates all of the factual allegations into each count without identifying which facts apply to which Defendants. It is unclear which allegations are intended to support which claims for relief because the entire "Statement of Facts" is incorporated into each count. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding the plaintiff's complaint an "all-too-typical shotgun pleading" where each count incorporates by reference all forty-three paragraphs of factual allegations and many of the factual allegations relate to only one or two counts, or to none of the counts at all); Anderson v. District Bd. of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (finding Plaintiff's complaint a "perfect example of a 'shotgun' pleading" because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief). It is also apparent that some facts are immaterial to the Plaintiff's claims. For example, Plaintiff alleges Watson never complained to the Equal Employment Opportunity Commission ("EEOC") and that an "unidentified political party" participated in the conspiracy to terminate him. These allegations, however, appear to be wholly irrelevant to any of Plaintiff's claims.

Plaintiff's Complaint fails to identify dates of events or what roles Defendants Thompson, Cooper, or Prather played in Plaintiff's termination.

Plaintiff's Complaint consists of conclusory, vague allegations regarding Plaintiff's termination, along with unsupported accusations that Defendants were part of a conspiracy to terminate Defendant. While the Complaint does have individual counts, each count does not appear to correspond to any particular claim. Count one alleges violations of due process and equal protection and a conspiracy to violate both rights. Count Two also alleges a violation of Plaintiff's rights but no constitutional right or statutory violation is identified.

The Court thus finds Plaintiff's Complaint requires dismissal because it constitutes a shotgun pleading.[7]

### 2. Equal Protection Violation

Even if Plaintiff's Complaint were not a shotgun pleading, Plaintiff fails to state a claim under 42 U.S.C. § 1983 for a violation of his right to equal protection. Although unclear from the face of the Complaint, Plaintiff appears to allege that his right to equal protection was somehow violated because he was treated differently by being terminated based on false allegations made by Watson. ([1] ¶¶30-36).

---

[7] Besides being a shotgun submission, the Complaint is fraught with errors, including different font sizes, improper formatting, inappropriate abbreviations, misspellings, incomplete sentences, and inaccurate punctuation. The Complaint also cites to the wrong amendment of the U.S. Constitution as support for two of the claims asserted in it.

To plead a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured under the U.S. Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff alleges Defendants violated his right to equal protection "guaranteed under the IV th [sic] Amendment to the US Constitution." ([1] ¶ 1). Based on this allegation alone, Plaintiff's Complaint cannot survive as a matter of law because the Fourth Amendment does not provide equal protection under the law; it protects against unreasonable searches and seizures. U.S. Const. amend. IV.

Assuming, *arguendo*, that Plaintiff meant to assert his equal protection claim under the Fourteenth Amendment, his Complaint fails to state a Section 1983 Equal Protection claim. In the public-employment context, the Equal Protection Clause is implicated only when the government "makes class-based decisions . . ., treating distinct groups of individuals categorically differently." Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 605 (2008). There is not a "class of one" theory available for claims concerning public employment. Id. at 606 ("[R]ecognition of a class-of-one theory of equal protection in the public employment context—that is, a claim that the State treated an employee differently from others for a bad reason, or no reason at all—is simply contrary to the concept

of at-will employment."); see also Alford v. Consol. Gov't of Columbus, 438 F. App'x 837, 840 (11th Cir. 2011) ("Engquist holds that class-of-one equal protection claims are categorically prohibited in the public employment context.").

Plaintiff does not allege any facts that even suggest he was treated differently because of his membership in a protected class. Plaintiff does not identify any protected characteristic in his Complaint—*e.g.*, race, sex, religion—on which his equal protection claim could be based. The Court therefore assumes Plaintiff is proceeding on a "class of one theory." Hein v. Kimbrough, 545 F. App'x 926, 928 n.1 (11th Cir. 2013) (assuming that where the plaintiff failed to identify with a protected class the plaintiff was asserting a "class of one" theory and dismissed as not cognizable). Plaintiff's equal protection claim is barred because such a theory is "categorically prohibited." Alford, 438 F. App'x at 840.

### 3. Due Process Violation

Plaintiff next alleges that his right to due process was violated because he was terminated based on what "Defendants knew were the false accusations of Watson" and he "was never given a fair and impartial appeal." ([1] ¶¶ 30, 32-34). Like his claim asserting a violation of his right to equal protection, Plaintiff also alleges Defendants violated his right to due process under the Fourth Amendment. The Court notes that Plaintiff's claim here fails as a matter of law because the

Fourth Amendment does not provide a guarantee to due process. U.S. Const. amend IV. Assuming, however, that Plaintiff intended to bring this claim under the Fourteenth Amendment's Due Process Clause, Plaintiff fails to allege any facts plausibly showing that his right to due process was violated.[8]

To the extent Plaintiff is asserting a substantive due process claim under the Fourteenth Amendment, his claim fails. The Eleventh Circuit has established that, where a government employee possessing a state-created property interest in his employment alleges that he was deprived of that employment interest by an arbitrary and capricious non-legislative government action, the government action does not give rise to a substantive due process claim. McKinney v. Pate, 20 F.3d 1550, 1553, 1560 (11th Cir. 1994) ("Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection. . . . [W]e conclude that our prior decisions, which granted pretextually terminated employees section 1983 causes of action premised on substantive due process violations, are contrary to Supreme Court jurisprudence; to the extent they are contrary to the holding of this opinion,

---

[8] Plaintiff does not specify whether his due process claims are substantive or procedural, and thus the Court addresses each in turn. The Court also notes, however, that where "an individual complains . . . that his particular hearing was not fair and impartial," as Plaintiff does here, "he has raised only procedural due process concerns." McKinney v. Pate, 20 F.3d 1550, 1559 (11th Cir. 1994).

14

they are overruled."); see also Hollins v. Fulton County, 422 F. App'x 828, 833 (11th Cir. 2011) (finding that "[a]lthough [the plaintiff's] complaint alleged a violation of her substantive due process rights, the district court correctly held that such a claim [wa]s not a valid cause of action" where a government employee claimed a substantive due process right in her employment interest). Plaintiff cannot assert a substantive due process violation.

As for a procedural due process violation, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Arrington v. Helms, 438 F.3d 1336, 1347 11th Cir. 2006). While Plaintiff alleges property interests in his "professional certification" and his "professional reputation," he does not allege a property interest in his job. ([1] ¶ 37). Plaintiff also does not allege any facts that his professional certification was revoked or impacted in any way. Plaintiff thus fails to allege a governmental deprivation of this alleged property interest.

With regard to Plaintiff's "professional reputation," the Eleventh Circuit has held that a claim for reputational damage in connection with termination of employment may be demonstrated by alleging facts showing: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4)

15

[was] made public (5) by the governmental employee (6) without a meaningful opportunity for employee name clearing." Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir. 2000) ("[A]lthough damage to reputation, standing alone, does not provide a basis for an action under 42 U.S.C. § 1983—when reputational damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim for deprivation of liberty which is actionable under section 1983."); see also Warren v. Crawford, 927 F.2d 559, 565 (11th Cir. 1991) (quoting Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1042-43 (11th Cir. 1989)). "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney, 20 F.3d at 1557; see also Cotton, 216 F.3d at 1330-31. "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process. Id. at 1563; Cotton, 216 F.3d at 1331.

The Eleventh Circuit has held, in a situation much like the one here, that adequate state remedies exist for Plaintiff's claim of reputational damage in a state mandamus proceeding. Cotton, 216 F.3d 1328. In Cotton, the Eleventh Circuit found that where a public employee had been terminated for alleged sexual harassment and claimed that his employer damaged his reputation without due

16

process, the plaintiff could not state a due process claim where he never sought a writ of mandamus in state court to order a name-clearing hearing. Id. "Under Georgia law, when no other specific legal remedy is available and a party has a clear legal right to have a certain act performed, a party may seek mandamus." Id. at 1332 (citing O.C.G.A. § 9-6-20). Here, Plaintiff fails to allege any facts showing that he even attempted to seek a writ of mandamus to correct apparent deficiencies of due process. Plaintiff's due process claim is dismissed.

    4.    Conspiracy

Plaintiff also alleges, in the most general of terms, that Defendants conspired to violate his equal protection and due process rights. ([1] ¶¶ 18-10, 42-43). Defendants move to dismiss Plaintiff's conspiracy claim because (1) Plaintiff has failed to allege either a due process or equal protection claim and (2) Plaintiff's allegations of conspiracy are "vague, conclusory, and altogether insufficient to state a claim for conspiracy." ([21] at 15).

A claim for conspiracy requires a plaintiff to allege (1) a violation of his federal rights; (2) an agreement among the defendants to violate such rights; and (3) an underlying actionable wrong. Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010). "[T]o sustain a conspiracy action under § 1983 . . . a plaintiff must show an underlying actual denial of [his] constitutional rights."

17

Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008). A plaintiff must also allege facts that show "the defendants reached an understanding to deny [his] rights." Id. A plaintiff "must make particularized allegations that a conspiracy exists." Hansel v. All Gone Towing Co., 132 F. App'x 308, 308 (11th Cir. 2005). "Vague and conclusory allegations suggesting a § 1983 conspiracy are insufficient to withstand a motion to dismiss. Id.

As discussed in Sections II.B.2 and II.B.3, above, Plaintiff's Complaint fails to assert factual allegations sufficient to state plausible claims of equal protection or due process violations. Plaintiff, therefore, cannot show a violation of his federal rights. Plaintiff also asserts, without offering any supporting facts, that Defendants entered into an agreement to violate his constitutional rights by reinstating Watson and terminating Plaintiff. The Complaint provides no facts regarding how the conspiracy was carried out, or even how Defendants knew each other. Plaintiff's conspiracy allegations are merely vague, conclusory statements that fail to even minimally show Defendants entered into, or engaged in any overt act in furtherance of , a conspiracy to terminate Plaintiff. Plaintiff's conspiracy claim is dismissed.

### 5. State Law Defamation Claim

Plaintiff alleges a final state law claim that Defendant Watson knowingly made false statements about Plaintiff that constitute defamation per se. (Id. ¶¶ 53-57). Because the Court grants Defendants' Motions to Dismiss on Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for defamation. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (stating that the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial"). Plaintiff's state law defamation claim is dismissed without prejudice. See Dudley v. City of Bessemer, Ala., No. 2:12-cv-1762, 2014 WL 4829532, at *8 (N.D. Ala. Sept 29, 2014) ("Because the Court grants summary judgment on [the plaintiff's] federal claims, the Court declines to exercise supplemental jurisdiction over her state law assault claim against Mayor Gulley and will dismiss it without prejudice.").

## III. CONCLUSION[9]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Cherokee County's Motion to

---

[9] The Court need not address the issue of liability because it concludes Plaintiff has failed to state a claim for a constitutional violation.

19

Dismiss [17], Defendants Jerry Cooper, Tim Prather, and Lori Thompson's Motion to Dismiss [18], and Defendant Ashley Watson's Motion to Dismiss [21] are **GRANTED**.

**IT IS FURTHER ORDERED** that Cherokee County, Jerry Cooper, Tim Prather, and Lori Thompson's Motion to Stay Discovery and Rule 16 and 26 Proceedings [19] and Ashley Watson's Motion to Stay Pre-Discovery Deadlines [27] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Mike Malone's ("Plaintiff") Motion for Extension of Time to Respond to Multiple Defense Rule 12 Motions [23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claim for defamation is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's federal law claims are **DISMISSED**.

**SO ORDERED** this 9th day of February, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE